TESHARA ARTHUR,

       Plaintiff,                                CASE NO.:

v.

THE NOFAULT TEAM, LLC, A
Florida Limited Liability Company, and
ALEXANDER MARKETING, INC., A
Florida Profit Corporation,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TESHARA ARTHUR ("ARTHUR" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, THE NOFAULT TEAM, LLC, a Florida Limited Liability Company ("NF"), and ALEXANDER MARKETING, INC., a Florida Profit Corporation ("AM")(collectively "Defendants") as joint employers, and states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 et seq., hereinafter called the "FLSA"), and the Family Medical Leave Act ("FMLA") to recover unpaid overtime and minimum wages, compensatory damages, lost wages, an additional equal amount as liquidated damages, and to obtain declaratory relief, and reasonable attorney's fees and costs.

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.      This Court has the authority to grant declaratory relief pursuant to the FLSA and

the FMLA, and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.    At all times material hereto, Plaintiff was and continues to be a resident of Miami-Dade County, Florida.

5.    At all times material hereto, Plaintiff worked for Defendants in Miami-Dade County, Florida.

6.    Defendants NF and AM are joint employers under the FLSA and FMLA, in that Defendants: (a) jointly determined, shared, and allocated the power to direct, control, or supervise Plaintiff by direct or indirect means; (b) jointly determined, shared, and allocated the power to—directly or indirectly—hire or fire Plaintiff or modify the terms or conditions of Plaintiff's employment; (c) shared management or a direct or indirect ownership interest, and interchangeably controlled, or were controlled by, each other; and (d) jointly determined, shared, and allocated responsibility over functions ordinarily carried out by an employer, such as handling payroll, providing workers' compensation insurance, paying payroll taxes, or providing the facilities, equipment, tools, or materials necessary to complete the work.

7.    Defendants, independently, and jointly, are employers as defined by the FLSA and the FMLA, in that Defendants, during all times relevant and in each year during the relevant statute of limitations, grossed in excess of $500,000.00 per year in revenue, had fifty (50) or more employees within a seventy-five (75) mile radius of where Plaintiff worked, and had employees regularly engaged in interstate and intrastate commerce.

8.    At all times relevant, and during each year of her employment, Plaintiff worked in excess of 1,250 hours per year.

## STATEMENT OF FACTS

9.     Ms. Arthur worked for Defendants as a Personal Injury Advisor/ Office Manager from July 15, 2014, until her unlawful termination on July 19, 2016.

10.     During her employment, Ms. Arthur was an excellent employee with no documented history of attendance, performance or disciplinary issues.

11.     During her tenure, Defendants misclassified Ms. Arthur as an independent contractor when the true nature of her duties and responsibilities was that of an employee.

12.     During her employment, Plaintiff regularly worked more than forty (40) hours per week, but was only paid anywhere from $62.50-$500.00 per week, depending on the time period at issue.

13.     Plaintiff did not receive the federal minimum wage for all hours worked, nor did she receive any overtime compensation for hours worked over forty (40) per week.

14.     Defendants failed to track or maintain any valid records of the number of hours Plaintiff worked during her employment, and did not maintain a time keeping system for employees that complies with the FLSA's record keeping requirements.

15.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all overtime hours worked as well as for her minimum wage, as required by the FLSA.

16.     Defendants violated Title 29 U.S.C. §§ 206 and 207, in that:

  a.     Plaintiff worked in excess of forty (40) hours per week for the relevant period of employment with Defendants;

3

b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff for minimum wage, or at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

c.    Defendants failed to maintain proper time records as mandated by the FLSA.

17.    In or around June 2016, Plaintiff notified Defendants that she necessitated time off for the upcoming birth of her child, and was seeking FMLA leave effective August 1, 2016.

18.    Defendants refused to permit Ms. Arthur to take FMLA leave when requested, and likewise refused to provide her with FMLA notices and paperwork, to ensure that she was notified of her rights and submitted the appropriate FMLA documentation. *See* 29 C.F.R. 825.300.

19.    Rather than allow her to take appropriate FMLA leave when she necessitated same, Defendants forced Plaintiff out of the workplace as of June 30, 2016, and cut her pay unilaterally.

20.    Defendants, without following the FMLA, notified Plaintiff that after she gave birth, she would be able to return to work.

21.    However, based upon Defendants' retaliation toward Plaintiff for seeking FMLA by cutting her pay and forcing her out of the workplace against her will, Defendants left Plaintiff with no choice but to resign and seek employment elsewhere in order to pay her bills.

22.    Had Plaintiff not requested FMLA leave from Defendants in June 2016 to be effective on August 1, 2016, Defendants would not have retaliated against Plaintiff by cutting

her pay, forcing her out of the workplace, and constructively discharging her from employment.

23.    Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

24.    Plaintiff re-alleges and reavers paragraphs 1 through 16 of the Complaint, as if fully set forth herein.

25.    Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

26.    Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

27.    At all times material hereto, Defendants failed and continues to fail to maintain proper time records as mandated by the FLSA.

28.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

29.    Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

30.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

5

31.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows: for overtime damages; liquidated damages, and attorneys' fees and costs, and any and all relief that this Court deems proper under the FLSA.

## COUNT II
## VIOLATION OF 29 U.S.C. §206- MINIMUM WAGE COMPENSATION

32.     Plaintiff re-alleges and reavers paragraphs 1 through 16 of the Complaint, as if fully set forth herein.

33.     Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the federal minimum wage for all hours worked.

34.     Plaintiff was and is entitled to be paid the federal minimum wage for all hours worked.

35.     At all times material hereto, Defendants failed and continues to fail to maintain proper time records as mandated by the FLSA.

36.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the federal minimum wage when they knew, or should have known, such was, and is due.

37.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

38.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for minimum wages due, plus liquidated damages.

6

39.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows: for minimum damages; liquidated damages, and attorneys' fees and costs, and any and all relief that this Court deems proper under the FLSA.

## COUNT III- FMLA INTERFERENCE AND RETALIATION

40.     Plaintiff re-alleges and reavers paragraphs 1 through 11, and 17-23 of the Complaint, as if fully set forth herein.

41.     At all times relevant hereto, Defendants interfered with, and retaliated against Plaintiff, because they: (a) forced Plaintiff to use FMLA when she did not necessitate same, which deprived Plaintiff of the ability to use FMLA when she actually needed it to care for her prematurely born child; (b) cut Plaintiff's pay when she disclosed her need for FMLA commencing August 1, 2016; and (c) forced Plaintiff from her job duties and workplace upon Plaintiff's request for FMLA.

42.     At all times relevant hereto, Plaintiff's upcoming child birth was an FMLA qualifying within the meaning of the FMLA.

43.     Plaintiff necessitated leave time as of August 1, 2016, for the birth of her child, and for post-birth bonding and care for her newborn child.

44.     At all times relevant hereto, Plaintiff was protected from interference and retaliation under the FMLA.

45.     Defendant interfered with, and retaliated against, Plaintiff for exercising her rights under the FMLA.

46.     Defendants intended to interfere with, and retaliate against, Plaintiff for seeking FMLA leave effective August 1, 2016.

47.     As a result of Defendants' intentional, willful and unlawful acts against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

48.     As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

49.     Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendants for back pay and compensatory damages, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: June 2, 2017.

By: _____
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
Richard Celler, Esquire
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: richard@floridaovertimelawyer.com